IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAROD BENSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-4135 |
| | : | |
| MICHAEL OVERMYER, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                 **August 25, 2020**

      Pro se Petitioner Sharod Benson seeks collateral review of his state court conviction for attempted murder and other charges arising from a shooting outside of a bar on January 15, 2011. In his petition, Benson challenges the weight of the evidence or in the alternative, the sufficiency of the evidence used to support his conviction. On December 17, 2019, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation (R&R) recommending the Court deny Benson's petition because his weight of the evidence claim is noncognizable on habeas review and his sufficiency of the evidence claim is procedurally defaulted and meritless. Benson filed an objection to the R&R regarding its conclusion that his sufficiency of the evidence claim was procedurally defaulted. Benson also urges the Court to grant him the opportunity to exhaust his sufficiency of the evidence claim in state court before ruling on the merits. Because Benson's weight of the evidence claim is noncognizable and his sufficiency of the evidence claim is meritless regardless of his procedural default, the Court will overrule Benson's objection, approve and adopt the R&R, and deny Benson's petition without an evidentiary hearing.

**BACKGROUND**

      On January 11, 2011, a shooting occurred outside of Eagle Bar in Philadelphia. The shooting included four or five gunshots, followed by two or three more directed towards two victims—Gary Jones and Malik Wells. As a result of the shooting, Jones was killed and Wells was seriously injured.

Anthony Williams, an Eagle Bar employee, witnessed the second set of gunshots and identified Benson as the second shooter in police interviews and a photo array. At Benson's trial, however, Williams recanted his statements identifying Benson. Although Williams circled Benson's photo and told police "He's the guy I saw shooting from the parking lot . . . ," *see* Trial Tr. 90, Vol. 1, Nov. 19, 2012, Williams testified he told the police he did not see anything. He also testified that Benson's photo was already circled before the police showed him the photo array. In light of Williams's recanted identification, Detective Levi Morton testified regarding Williams's initial identification of Benson as the shooter in the parking lot. Detective Morton testified he showed Williams the photo array, confirmed the circled photograph, and had Williams sign underneath the photo he identified.

Ultimately, the jury convicted Benson of attempted murder, aggravated assault, carrying a firearm on a public street, and possession of an instrument of crime. He was sentenced to 12.5 to 25 years in prison. The Pennsylvania Superior Court affirmed and determined Benson's weight of the evidence challenge was waived because it was not raised in a motion for new trial or in his statement of errors complained of on appeal.

Benson filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) and alleged the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding the criminal histories of two Commonwealth witnesses. Benson also alleged his trial counsel was ineffective for not using these criminal histories to impeach the witnesses. Benson's appointed PCRA counsel subsequently filed a no-merit letter. In response, Benson filed a pro so amended PCRA petition alleging his counsel on direct appeal filed a defective brief. Benson's appointed PCRA counsel again filed a no-merit letter. Although Benson opposed the no-merit letter, the PCRA court denied Benson's petition as meritless. Benson appealed and raised several unrelated

claims. The Superior Court affirmed the denial of Benson's PCRA petition finding his claims waived and meritless. Benson did not seek review in the Pennsylvania Supreme Court.

On September 21, 2018, Benson filed this habeas corpus petition. Benson stated one ground for relief: "Lack of in-court identification, mainly by a witness who[se] out-of-court statement dated 1-19-11 was falsified by police thus making it inconsistent to his first." Pet. 7, Sept. 25, 2018, ECF No. 2. The Commonwealth responded, arguing Benson's claim is a challenge to the weight of the evidence which is noncognizable on collateral review. The Commonwealth also argues the claim is procedurally defaulted and meritless.

On December 17, 2019, Judge Hey issued an R&R addressing Benson's claim. Judge Hey construed Benson's claim as both a weight of the evidence and a sufficiency of the evidence claim. As a challenge to the weight of the evidence, Judge Hey determined the claim is noncognizable on habeas review because it requires evaluating the credibility of evidence. As a challenge to the sufficiency of the evidence, Judge Hey determined the claim was procedurally defaulted but nonetheless meritless because the evidence sufficiently supported the conviction. On February 27, 2020, Benson filed an objection to the R&R's determination that the sufficiency of the evidence claim was procedurally defaulted. Benson further asked to exhaust his sufficiency of the evidence claim in state court and urged the Court to stay these proceedings pending exhaustion.[1]

---

[1] On January 7, 2020, Benson also filed a "Motion to Stay Proceedings Pending Exhaustion of State Remedies of Sufficiency of Evidence Claim Acknowledged by U.S. Magistrate as Having Merit." See Mot., Jan. 7, 2020, ECF No. 22. The Court denied the motion because although Judge Hey noted the sufficiency of the evidence claim was procedurally defaulted, she also addressed the merits and recommended Benson's petition be denied. Because a habeas corpus petition may be denied on the merits despite a petitioner's failure to exhaust all state remedies, see 28 U.S.C. § 2254(b)(2), the Court directed Benson to file objections to the R&R based on the merits of the sufficiency of the evidence claim.

3

**DISCUSSION**

Because the Court finds no error in the R&R and Benson's objection does not address the merits of his petition, the Court will overrule his objection, approve and adopt the R&R, and deny Benson's petition. The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Benson's objection is premised on the R&R's determination that his sufficiency of the evidence claim was procedurally defaulted and he seeks the opportunity to raise the claim in state court. Benson, however, fails to address the merits of the sufficiency of the evidence claim as discussed in the R&R.

The Court may deny a habeas corpus petition on the merits despite a petitioner's failure to exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(2). The R&R addressed the merits of Benson's sufficiency of the evidence claim despite it being procedurally defaulted, and the Court finds no error in doing so. The Court will therefore overrule Benson's objection to the R&R because there is no need for Benson to exhaust his claim in state court when the Court has reached the merits in addressing this petition.

As for the merits of Benson's claim, the Court will approve and adopt the R&R. Construing Benson's claim as a weight of the evidence claim, the Court agrees with the R&R's conclusion that the claim is noncognizable on collateral review. *See* R. & R. 12–13. The R&R stated a challenge to the weight of the evidence is noncognizable on habeas review because it requires a determination as to credibility and weight of evidence. *See Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982) ("The 'weight of the evidence' refers to 'a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" (internal citations omitted)). Because federal courts are not permitted to re-evaluate the credibility of

4

witnesses or evidence on habeas review, *see Marshall v. Longberger*, 459 U.S. 422, 434–35 (1983), such a claim cannot be properly raised on habeas review, *see* 28 U.S.C. § 2254(d)(2). Although the Third Circuit has not yet addressed this issue in a precedential opinion, other federal courts have held challenges to the weight of the evidence or credibility of evidence do not raise cognizable federal constitutional issues. *See, e.g.*, *Hill v. Ferguson*, 396 F. Supp. 3d 506, 524 n.18 (E.D. Pa. 2019); *Jones v. Artus*, 615 F. Supp. 2d 77, 85 (W.D.N.Y. 2009). The Court is persuaded by these other courts and finds the R&R's conclusion that the claim is noncognizable in a habeas petition is correct. Benson's weight of the evidence claim will be denied as noncognizable.

Although the R&R did not reach this conclusion, Benson's weight of the evidence claim is also procedurally defaulted because he waived the claim by failing to comply with Pennsylvania Rule of Criminal Procedure 607 or Pennsylvania Rule of Appellate Procedure 1925(b). When a state court rejects a petitioner's claims based on a state procedural ruling that is "independent of the federal question and adequate to support the judgment," federal habeas courts are precluded from reviewing the claims, absent a showing of cause for the default and actual prejudice. *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The procedural default "must rest on 'adequate and independent' state law grounds." *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989)). A state procedural rule is adequate to support the judgment when it speaks in clear and unmistakable terms and when courts apply its requirements with consistency and regularity. *See Campbell v. Burris*, 515 F.3d 172, 176 (3d Cir. 2008). A state procedural rule is independent if it does not rest primarily on federal law and is not interwoven with federal law. *See Coleman*, 501 U.S. at 734–35.

Benson presented his weight of the evidence claim in his brief to the Pennsylvania Superior Court on his direct appeal. In Pennsylvania, a weight of the evidence claim must be raised with the trial judge in a motion for new trial. *See* Pa. R. Crim. P. 607 (stating motion may be made either orally or in writing before or after sentencing). Failure to raise the claim in a motion for new trial will result in waiver of the claim thereafter. *See Commonwealth v. Mack*, 850 A.2d 690, 694 (Pa. Super. Ct. 2004). Also, Pennsylvania Rule of Appellate Procedure 1925(b) requires appellants to file a statement of issues which identifies all issues complained of on appeal. Failure to include a claim in a 1925(b) statement results in waiver of that claim. *See* Pa. R. App. P. 1925(b)(4)(vii).

In this case, Benson failed to raise his weight of the evidence claim in a pre- or post-sentencing motion to the trial court in compliance with Rule 607. Benson also did not raise the claim in his 1925(b) statement of errors complained of on appeal. Benson's failure to do either waived his claims. As a result, the Superior Court dismissed Benson's weight of the evidence claim pursuant to Rule 607 and Rule 1925(b). The Superior Court's sole reliance on these two rules to dismiss Benson's claim is adequate and independent of any federal claim and bars this Court's review of Benson's weight of the evidence claim. *See Buck v. Collaran*, 115 F. App'x 526, 528 (3d Cir. 2004) (holding petitioner's claim was procedurally defaulted for failing to comply with Rule 1925(b)); *Richburg v. Cameron*, No. 15-4748, 2018 WL 7460058, at *6 (E.D. Pa. May 9, 2018) (stating state court's ruling that weight of the evidence claim was waived under Rule 607 barred federal review), *adopted by*, 2019 WL 955283, at *1 (E.D. Pa. Feb. 26, 2019). Because Benson has failed to establish cause and prejudice, his weight of the evidence claim is procedurally defaulted. He is thus not entitled to relief on this claim because it is procedurally defaulted as well.

Even if the Court construes Benson's claim as a sufficiency of the evidence claim, the R&R correctly concluded that claim is meritless and does not provide a basis for relief. A challenge to

the sufficiency of the evidence arises under the Due Process Clause which prohibits any conviction based on evidence insufficient to persuade a rational trier of fact of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979). Upon review of such a claim, the inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. A court may overturn a conviction "only if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Eley v. Erickson*, 712 F.3d 837, 847 (3d Cir. 2013) (internal quotation marks and citations omitted).

Upon de novo review of the record and the R&R, the Court finds no error in the R&R's analysis of the merits of Benson's sufficiency of the evidence claim. Applying *Jackson*, the R&R thoroughly discussed the evidence presented at trial from which a rational trier of fact could have found Benson was in fact the second shooter.[2] The Court adopts the R&R's well-reasoned discussion of the evidence presented at trial here.

The Court also notes that although Williams denied identifying Benson the night of the shooting, the Commonwealth called Detective Morton as a witness, who testified as to Williams's original identification of Benson. Detective Morton testified Williams's statement was a verbatim recording of the interview with Williams and that he did not add anything other than what Williams said during the interview. Viewing this evidence in the light most favorable to the prosecution, the

---

[2] In reviewing a sufficiency of the evidence claim, courts typically must "review the evidence with reference to 'the substantive elements of the criminal offense as defined by state law.'" *Eley v. Erickson*, 712 F.3d 837, 847 (3d Cir. 2013) (citing *Jackson*, 443 U.S. at 324 n.16). However, Benson does not challenge the sufficiency of the evidence as to the elements of the charges against him. His claim is premised on whether there was sufficient evidence to identify him and establish he was the second shooter in the parking lot of the Eagle Bar. The Court, and the R&R, thus looks only to the evidence establishing Benson as the second shooter.

Court concludes the jury could have believed Detective Morton's testimony while discrediting Williams's contradictory testimony. Detective Morton's testimony, in addition to the evidence discussed in the R&R, could have led a rational trier of fact to find beyond a reasonable doubt, that Benson was the second shooter. *Cf. Ross v. Kyler*, No. 01-2579, 2002 WL 188713, at *4 (E.D. Pa. Feb. 4, 2002) (finding state court reasonably found sufficient evidence to identify the petitioner as a shooter when there was a direct identification of the shooter combined with other circumstantial evidence). As a result, Benson's sufficiency of the evidence claim fails.

**CONCLUSION**

Benson is not entitled to relief regardless of whether the Court construes his claim as a weight of the evidence or a sufficiency of the evidence claim. As a weight of the evidence claim, Benson's claim is noncognizable on collateral review and is procedurally defaulted. As a sufficiency of the evidence claim, his claim is without merit. The Court need not address whether the sufficiency of the evidence claim was procedurally defaulted to deny his petition. The Court will thus overrule Benson's objection to the R&R's conclusion that his sufficiency of the evidence claim was procedurally defaulted. As for the merits of Benson's claim, the Court will approve and adopt the R&R and deny Benson's petition.

An appropriate order follows.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.